IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00809-CMA

DEBRA BROWNE,
MARY JANE SANCHEZ,
CYNTHIA STEWART,
STEVE KILCREASE,
HUMANISTS DOING GOOD, and
ERIC NIEDERKRUGER,

    Plaintiffs,

v.

CITY OF GRAND JUNCTION, COLORADO,

    Defendant.

---

# ORDER

---

This matter is before the Court on Plaintiffs' Opposed Emergency Motion to Reconsider the Partial Denial of Plaintiffs' Request for a Temporary Injunction [Docket No. 10].

On March 21, 2014, the Court held a hearing on plaintiffs' request for a temporary restraining order to enjoin enforcement of Ordinance No. 4618: An Ordinance Prohibiting Activities Related to Panhandling (the "Ordinance"), enacted by the City of Grand Junction, Colorado on February 19, 2014.  At the hearing, the Court ruled that plaintiffs lack standing under Article III of the United States Constitution to challenge §§ 9.05.040(a), (e), and (h)-(l) of the Ordinance because plaintiffs do not allege, and otherwise provide no evidence, that they engage in, or intend to engage in,

speech that falls within the scope of the Ordinance. Under the Ordinance, panhandling means "to knowingly approach, accost or stop another person in a public place and solicit that person, whether by spoken words, bodily gestures, written signs or other means, for money, employment or other thing of value." Grand Junction, Colo, Mun. Code § 9.05.020 (2014). The declarations attached to the plaintiffs' motion for a temporary restraining order indicate that those plaintiffs who solicit donations do so by displaying signs or by making verbal requests to people walking by. Plaintiffs do not indicate that they "approach" people to ask them for money. As a result, and for the reasons that the Court identified at the hearing, the activity plaintiffs engage in does not fall within the Ordinance's definition of panhandling and therefore plaintiffs lack standing to challenge these portions of the Ordinance. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013) ("plaintiffs must establish that they have standing to sue") (citation omitted).

Plaintiffs' motion for reconsideration is based on the Supplemental Declaration of Cynthia Stewart, one of the plaintiffs, which states:

> In paragraph 7 of my March 10, 2014 declaration, I stated: "If I am short on change for the bus, I ask people near the bus stop if they can spare a quarter or two." To be more clear, when I ask people for money at the bus stop I sometimes walk up to and approach the person in a non-aggressive way and ask for the change that I need to cover my bus fare. Sometimes I stand still by the bus stop and use my voice to stop a passerby and ask for a quarter or two.

Docket No. 10-1 at 1, ¶ 2. Plaintiffs argue that, "[h]ad the original Declaration of Ms. Stewart made these points clear, Plaintiffs believe that the Court would have agreed that the terms of the Ordinance forbid First-Amendment-protected solicitation that Ms. Stewart has engaged in and wishes to continue engaging in." Docket No. 10 at 2-3,

¶ 8.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), and, where, as here, a party files a motion for reconsideration prior to the entry of judgment or of a final order, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Havens v. Clements*, No. 13-cv-00452-MSK-MEH, 2014 WL 1089349, at *1 (D. Colo. Mar. 19, 2014) (applying Rule 59 and Rule 60 principles to motion to reconsider interlocutory order dismissing certain claims); *Colorado Cas. Ins. Co. v. Brock USA LLC*, No. 11-cv-02527-DME-KMT, 2013 WL 4550416, at *1 (D. Colo. Aug. 28, 2013) (applying Rule 59 and Rule 60 principles to motion to reconsider interlocutory order granting summary judgment on certain claims); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). Regardless of the authority invoked, the key factors are the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Plaintiffs request that the Court reconsider its Order on the basis of newly submitted evidence. Plaintiffs do not argue that this evidence was previously unavailable or that the exclusion of this evidence was the result of an "excusable litigation mistake." *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Rather, plaintiffs appear to be seeking relief from their "deliberate and counseled decision." *See id*. at 577; *see also* Docket No. 6 at 11. Such relief is not available. Nor may plaintiffs "reargue an issue previously addressed by the court when the reargument merely advances new . . . supporting facts which were available for presentation at the time of the original argument." *Cashner*, 98 F.3d at 577. Since the facts that plaintiffs now place before the Court were "available for presentation at the time of the original argument," the submission of these facts does not provide a legitimate basis for reconsideration.

Wherefore, it is

**ORDERED** that Plaintiffs' Opposed Emergency Motion to Reconsider the Partial Denial of Plaintiffs' Request for a Temporary Injunction [Docket No. 10] is DENIED.

DATED March 21, 2014.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge