IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-00809-CMA-KLM

DEBRA BROWNE,
MARY JANE SANCHEZ,
CYNTHIA STEWART,
STEVE KILCREASE,
HUMANISTS DOING GOOD, and
ERIC NIEDERKRUGER,

     Plaintiffs,

and

GREENPEACE, INC.,

     Plaintiff-Intervenor,

v.

CITY OF GRAND JUNCTION, COLORADO,

     Defendant.

**ORDER**

     Throughout the country, cities and municipalities are passing ordinances to limit panhandling and begging.  In response, citizens and organizations are challenging those measures as abridging their First Amendment rights to Freedom of Speech and Expression.  This case involves one such challenge.

     This Court reserved ruling on City of Grand Junction's motion to dismiss to the extent it asked this Court to determine whether Plaintiffs have stated a claim that the

ordinance violates the First Amendment, Equal Protection, and Due Process. Today, the Court takes up the unresolved questions, and finds that, at this juncture in the proceedings, Plaintiffs have sufficiently alleged their claims. Nonetheless, the Court finds that Plaintiff Niederkreuger has not stated a claim and, therefore, must be dismissed from this action.

## I. BACKGROUND

On February 19, 2014, the City of Grand Junction ("the City") adopted Ordinance No. 4618 with the stated goal of protecting public safety by prohibiting aggressive panhandling and dangerous solicitation of motorists. In response, Plaintiffs Debra Browne, Mary Jane Sanchez, Cynthia Stewart, Steve Kilcrease, Humanists Doing Good, and Eric Niederkruger[1] filed the instant suit, alleging that Ordinance No. 4618 violates their First Amendment rights to Freedom of Speech and Expression. (Doc. # 1.)

Plaintiffs moved this Court to temporarily restrain the City from enforcing challenged provisions of Ordinance No. 4618[2] until a court issues a final ruling on their constitutionality. (Doc. # 6.) On March 21, 2014, Judge Brimmer[3] restrained the prohibition on panhandling on public highways and highway exits. (Doc. # 15.)

---

[1] On April 25, 2014, Greenpeace, Inc. intervened in this suit (Doc. # 36). On April 29, 2014, Alexis Gallegos also intervened; however, she was voluntarily dismissed on January 21, 2015 (Doc. # 76). Therefore, the Court refers to the remaining Plaintiffs and Plaintiff-Intervenor collectively as "Plaintiffs."

[2] A copy of Ordinance 4618 is available at Doc. # 49-1.

[3] Judge Brimmer presided over the motion for a temporary restraining order pursuant to Fed. R. Civ. P. 63.

Consequently, the City's Chief of Police stayed enforcement of Ordinance No. 4618. (Doc. # 46 at 5.)

On April 2, 2014, the City Council voted to adopt a new panhandling ordinance, Ordinance No. 4627, which amended portions of Ordinance 4618. Ordinance 4627 defines panhandling as follows:

> *Panhandle/panhandling* shall mean to knowingly approach, accost or stop another person in a public place and solicit that person without that person's consent, whether by spoken words, bodily gestures, written signs or other means, for money, employment or other thing of value.

Grand Junction, Colo., Municipal Code § 9.05.020 (2015).[4] As relevant here, Ordinance 4627 makes it unlawful for any person to panhandle

> (a) One-half (1/2) hour after sunset to one-half (1/2) hour before sunrise;
>
> . . .
>
> (e) If the person panhandling knowingly continues to request the person solicited for money or other thing of value after the person solicited has refused the panhandler's initial request;
>
> . . .
>
> (g) Within twenty (20) feet of an automatic teller machine [(ATM)] or of a bus stop;
>
> . . .
>
> (i) In a public parking garage, parking lot or other parking facility;
>
> (j) When the person solicited is present within the patio or sidewalk serving area of a retail business establishment that serves food and/or

---

[4] The Court provides this official citation even though it does not appear that the ordinance has been codified in the municipal code. A copy of Grand Junction, Colo., Ordinance 4627 (April 7, 2014) is available at Doc. # 49-2.

3

      drink, or waiting in line to enter a building, an event, a retail business establishment, or a theater.

Grand Junction, Colo., Municipal Code § 9.05.040 (2015).[5]

      Ordinance 4627, therefore, repealed the ban on soliciting "at-risk" persons, panhandling near schools, and soliciting motorists traveling on particular roadways. It also reduced the no-panhandling "bubble" around ATMs and bus stops from 100 feet to 20 feet and limited the prohibition on panhandling in parking lots to those that are "public." *Compare id. with* Grand Junction, Colo., Ordinance 4618 (February 19, 2014) (repealed). It is a misdemeanor to violate Ordinance 4627. Grand Junction, Colo., Municipal Code § 9.05.060 (2015).

      The Court previously granted in part and denied in part the City's motion to dismiss (Doc. # 46), but reserved ruling on whether Plaintiffs have failed to state a claim that the ordinance violates the First Amendment, and their rights to Equal Protection and Due Process. *See Browne v. City of Grand Junction, Colorado*, No. 14-CV-00809-CMA-KLM, 2015 WL 1509775, at *4 (D. Colo. Mar. 30, 2015). The Court did so because a petition for certiorari is currently pending before the Supreme Court in a case involving an ordinance that is strikingly similar to Ordinance 4627. *See Thayer v. Worcester,* 755 F.3d 60 (1st Cir. 2014) (Souter, J.), *petition for cert. filed*, 83 U.S.L.W. 13 (U.S. Oct. 14, 2014) (No. 14-428). The Supreme Court has yet to rule on whether it will grant certiorari. In an effort to move this case along, the Court will now rule on the

---

[5] This Court previously determined that Plaintiffs did not have standing to challenge the provision that prohibited solicitation on buses. *See Browne v. City of Grand Junction, Colorado*, No. 14-CV-00809-CMA-KLM, 2015 WL 1509775, at *4 (D. Colo. Mar. 30, 2015).

remaining question of whether Plaintiffs have stated a claim under the First Amendment and related jurisprudence.

## II.     STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of a complaint. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). A complaint will survive such a motion if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). For a motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Nevertheless, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which a relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

## III. DISCUSSION

### A. FIRST AMENDMENT CLAIM

The City argues that this Court should dismiss Plaintiffs' claims because Ordinance 4627 does not violate the First Amendment. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech, . . . or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. The First Amendment applies to the States under the Due Process Clause of the Fourteenth Amendment. *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.,* 425 U.S. 748, 749 n. 1 (1976). "At its core, 'the First Amendment reflects a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open.'" *iMatter Utah v. Njord*, 774 F.3d 1258, 1263 (10th Cir. 2014) (quoting *Boos v. Barry,* 485 U.S. 312, 318 (1988)).

The Supreme Court has held that the solicitation of "charitable contributions" is protected speech. *Riley v. Nat'l Fed'n of the Blind of N.C.,* 487 U.S. 781, 789 (1988). Circuit courts that have addressed the question have extended that holding to solicitations on behalf of an individual. *See, e.g., Clatterbuck*, 708 F.3d at 553; *Speet v. Schuette*, 726 F.3d 867, 875 (6th Cir. 2013); *Gresham v. Peterson*, 225 F.3d 899, 904 (7th Cir. 2000); *Smith v. City of Fort Lauderdale,* 177 F.3d 954, 956 (11th Cir. 1999) ("Like other charitable solicitation, begging is speech entitled to First Amendment protection."); *Loper v. New York City Police Dep't,* 999 F.2d 699, 704 (2d Cir. 1993) ("We see little difference between those who solicit for organized charities and those

who solicit for themselves in regard to the message conveyed. The former are communicating the needs of others while the latter are communicating their personal needs. Both solicit the charity of others. The distinction is not significant for First Amendment purposes."). Therefore, this Court previously concluded that "speech and expressive conduct that comprise begging merit First Amendment protection." *Browne*, 2015 WL 1509775, at *6 (quoting *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 553 (4th Cir. 2013)).

The government's ability to regulate protected speech turns on the character of the space in which it seeks to implement such regulation. *See, e.g., Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45 (1983). The Supreme Court has "identified three types of fora: the traditional public forum, the public forum created by government designation, and the nonpublic forum." *Arkansas Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 677 (1998) (quotation marks and citations omitted). Traditional public forums are places "in which by long tradition or governmental fiat have been devoted to assembly and debate, the rights of the state to limit expressive activity are sharply circumscribed." *Id.* "[T]he Supreme Court has repeatedly referred to public streets and sidewalks as 'the archetype of a traditional public forum.'" *Clatterbuck,* 708 F.3d at 556 (quoting *Snyder v. Phelps*, 562 U.S. 443, ----, 131 S. Ct. 1207, 1218 (2011)). Although Ordinance 4627 contains recitals asserting that certain areas, such as public parking garages and lots, are not traditional public forums, the City does not persist in this assertion in its briefs. Rather, the City focuses its arguments on whether the ordinance is content based or neutral. Thus it appears that the City has conceded

that Ordinance 4627 restricts speech in public fora. Based on the face of the ordinance and having no assertions to the contrary from the City, Plaintiffs have alleged facts demonstrating that the challenged provisions concern public fora, namely public streets and sidewalks.[6]

Regulation of speech in traditional public forums is allowed if the regulations are reasonable with respect to the time, place, or manner of speech. *See Ward v. Rock Against Racism,* 491 U.S. 781, 791 (1989). Any time, place, or manner restrictions must: (1) be content-neutral; (2) be "narrowly tailored to serve a significant governmental interest"; and (3) "leave open ample alternative channels for communication of the information." *Id.* The government's restriction of speech is content neutral if it is "justified without reference to the content . . . of the regulated speech." *Christian Legal Soc'y v. Martinez*, 561 U.S. 661, 665 (2010). "A content-based regulation, on the other hand, is presumptively unconstitutional, and subject to strict scrutiny." *American Civil Liberties Union of Nevada v. City of Las Vegas,* 466 F.3d 784, 792 (9th Cir. 2006) (internal citations and quotation marks omitted). In such a situation, the City must show that its ordinance is the least restrictive means of furthering a compelling government interest and that the ordinance is actually necessary to achieve that interest. *See United States v. Alvarez,* --- U.S.---, ---, 132 S. Ct. 2537, 2552 (2012) (discussing strict scrutiny).

---

[6] The Court reiterates that this assessment is based on the motion to dismiss standard it must apply. It may be the case, of course, that at summary judgment, the undisputed material facts demonstrate that some of the areas the ordinance regulates are not public fora.

"The 'principal inquiry in determining content neutrality . . . is whether the government has adopted a regulation of speech because of disagreement with the message it conveys.'" *Am. Target Adver., Inc. v. Giani*, 199 F.3d 1241, 1247 (10th Cir. 2000) (quoting *Ward,* 491 U.S. at 791). "A measure designed not to suppress the expression of unpopular views but rather to control the secondary effects of speech will generally be deemed content neutral." *Id.* (citing *Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 47–48 (1986)). Moreover, "a regulation that has 'an incidental effect on some speakers or messages but not others' may still qualify as content neutral so long as the regulation 'is justified without reference to the content of the regulated speech.'" *Thayer*, 755 F.3d at 67 (quoting *Ward*, 491 U.S. at 791).

Courts are split on whether laws that regulate panhandling and begging are content neutral. *Compare Clatterbuck,* 708 F.3d at 556 (content based); *Speet,* 726 F.3d 867 (same); *American Civil Liberties Union of Nevada,* 466 F.3d at 794 (same); *with Norton v. City of Springfield, Ill.*, 768 F.3d 713, 714-15 (7th Cir. 2014) (content neutral); *Thayer,* 755 F.3d at 68 (same); *ISKCON of Potomac, Inc. v. Kennedy,* 61 F.3d 949, 954–55 (D.C. Cir. 1995) (same); *see also Browne v. City of Grand Junction*, 27 F. Supp. 3d 1161, 1166 (D. Colo. 2014) (Brimmer, J.) (Ordinance 4618 is content based). While those decisions concern regulations of varying similarity to Ordinance 4627, none are identical.

Recently, the Supreme Court instructed that a regulation "would be content based if it required enforcement authorities to examine the content of the message that is conveyed to determine whether a violation has occurred." *McCullen v. Coakley*, ---

9

U.S. ---, ---, 134 S. Ct. 2518, 2531 (2014) (internal quotation marks and citation omitted). In concluding that an act which regulated speech within a buffer zone around abortion clinics was content neutral, the court observed, "Whether petitioners violate the Act depends not on what they say, but simply on where they say it. Indeed, petitioners can violate the Act merely by standing in a buffer zone, without displaying a sign or uttering a word." *Id.* (internal quotation marks and citation omitted).

Conversely, a person must make some expressive statement—whether by voice, sign, or "other means"—to violate Ordinance 4627. Moreover, the content of this statement is important because, on its face, the Ordinance regulates only solicitations "for money, employment, or other thing of value." *See* Grand Junction, Co., Ordinance 4627, § 9.05.020. It does not regulate speech in which a person asks for directions, a restaurant recommendation, or political support. Nor does the ordinance apply to people who, as many Coloradans do, simply pass the time with idle chit chat while waiting in a line to use an ATM or enter a building or sporting event. It does not regulate a friendly greeting at a bus stop or when a friend sees another friend in the early morning hour before sunrise. *See Clatterbuck*, 708 F.3d at 556 (ordinance is plainly content based where whether it is violated turns on whether the speaker asks for money, or simply requests "a signature or a kind word"). Thus, unlike the act in *McCullen*, to determine whether a particular statement warrants a citation, an officer would have to examine the content of the speech. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 27 (2010) (a law "regulates speech on the basis of content" if whether people violate it "depends on what they say"). Likewise, unlike the ban at issue

in *Hill v. Colorado*, the content of a person's statements is relevant to whether Ordinance 4627 regulates the speech. 530 U.S. 703, 720 (2000) (upholding a buffer zone around abortion clinics in which persons may not knowingly approach others).

To be sure, this Court believes that Plaintiffs have stated a claim that the City adopted this "regulation of speech because of disagreement with the message it conveys." *Ward,* 491 U.S. at 791. This Court believes that panhandling carries a message. Often, a request for money conveys conditions of poverty, homelessness, and unemployment, as well as a lack of access to medical care, reentry services for persons convicted of crimes, and mental health support for veterans. The City's attempt to regulate this message is an attempt to restrain the expression of conditions of poverty to other citizens.[7]

As further evidence of Ordinance 4627's neutrality, the City points out that it "does not distinguish between solicitations for an immediate donation or for a donation at a future date." (Doc. # 46 at 16.) However, despite courts' interest in this distinction—cultivated by Justice Kennedy's concurrence in *Int'l Soc. for Krishna Consciousness, Inc. v. Lee*—this Court does not find it helpful or compelling. 505 U.S. 672 (1992).

In *Lee*, the Supreme Court upheld a ban on solicitations in an airport terminal, because, *inter alia*, it was a nonpublic forum. *Id.* at 683. Thus, the Court did not

---

[7] While not dispositive here, at the hearing on the temporary restraining order, Judge Brimmer considered a police training outline that indicated that fire fighters holding a boot to solicit donations would not fall within the ambit of the ordinance. A plain reading of the ordinance shows that it would apply to a fire fighter who persists in his or her request after a driver declines to donate. *See* Grand Junction, Colo., Municipal Code § 9.05.040(e). Yet, if the Court credits this memorandum, the City appears to exclude this activity and its associated speech from regulation.

address whether the regulation was content based. *Id.* Justice Kennedy wrote a concurrence explaining his disagreement with the majority's reliance on determining whether a place is a public forum based upon "the government's defined purpose for the property . . . ." *Id.* at 695 (Kennedy, J., concurring). Instead, Justice Kennedy argued that the in-terminal solicitation ban should be upheld as a content-neutral, time, manner, and place restriction. *Id.* at 703. He concluded that the ban was content neutral because it prohibited only requests for immediate or in-hand payment of money. *Id.* at 704.

Two circuits that have upheld ordinances banning solicitations have relied upon Justice Kennedy's concurrence because his "analysis illustrates the Court's likely disposition of a panhandling regulation in a traditional public forum." *Norton*, 768 F.3d at 716 (discussing *Thayer*, 755 F.3d at 69). However, although Justice Kennedy's jurisprudence may ultimately carry the day, this Court instead focuses its analysis on binding Supreme Court precedent. Moreover, as cases focusing on the distinction between immediate and future donations demonstrate, an attempt to reconcile current jurisprudence with that distinction leads to inconsistent results. On one hand, a request for an immediate donation ostensibly means the law regulates the manner of the request rather than the content of the speech because regulating the immediate exchange of money and not a future exchange proscribes only the method in which money is physically exchanged. *See Lee*, 505 U.S. at 705 (Kennedy, J., concurring). However, precisely what made bans permissible in *Norton* and *Thayer*—namely, that they applied to immediate donations only—is what dooms the regulation in *Clatterbuck*.

In that case, the Fourth Circuit determined that the restriction was not justified without reference to its content because it regulates "immediate donations of things of value, while allowing other types of solicitations, such as those that request future donations . . . ." *Clatterbuck*, 708 F.3d at 556. This Court declines to wade into the murky waters of what significance, if any, it should assign to Ordinance 4627's application to immediate and future donations.

The City argues that "the recitals and legislative declaration of the ordinance make clear that it is intended to be a content-neutral time, place, and manner restriction." (Doc. # 46 at 13.) However, the Supreme Court has stated, "[T]he mere assertion of a content-neutral purpose [is not] enough to save a law which, on its face, discriminates based on its content." *Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 642-43 (2006).

Having determined that Ordinance 4627 is content based, the City must show that it meets strict scrutiny—that is, that it is the least restrictive means of furthering a compelling government interest and that the ordinance is actually necessary to achieve that interest. *See United States v. Alvarez,* --- U.S.---, ---, 132 S. Ct. 2537, 2552 (2012) (discussing strict scrutiny). However, the City advances no argument that it meets this test and instead argues that because Ordinance 4627 is content neutral, intermediate scrutiny applies. The Court need not determine whether the ordinance meets strict scrutiny at this phase because, on a motion to dismiss, it simply looks at the legal sufficiency of the complaint. *See Miller*, 948 F.2d at 1565. Instead, it will revisit this

question at a later date when the Court is permitted to consider evidence rather than mere pleadings.

**B.     EQUAL PROTECTION CLAIM**

The City also moves to dismiss Plaintiffs' Equal Protection claim.  "In considering whether state legislation violates the Equal Protection Clause of the Fourteenth Amendment, U.S. Const., Amdt. 14, § 1, [courts] apply different levels of scrutiny to different types of classifications."  *Clark v. Jeter*, 486 U.S. 456, 461 (1988).  However, as the City points out, the Supreme Court does not recognize a suspect classification based on wealth.  *See San Antonio Sch. Dist. v. Rodriguez*, 411 U.S. 1, 28-29 (1973).  Accordingly, a rational basis review applies and Ordinance 4627 must be rationally related to a legitimate government purpose.  *Id.* at 17.  The City asserts that the ordinance serves the legitimate governmental purpose of public safety and is rationally related to restricting certain aggressive conduct incident to solicitation.  (Doc. # 26 at 46.)

Rather than respond to this argument, Plaintiffs state simply that "[b]y forbidding solicitation for money or employment while allowing solicitation on other topics, [the City] violates the Equal Protection Clause."  (Doc. # 49 at 29) (citing *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 94-96 (1972)).  Their complaint is not much more helpful.  In it, Plaintiffs assert that the ordinance "forbids communications for the purpose of soliciting money but does not forbid soliciting for any other purpose."  (Doc. # 1 at 15.)  Despite Plaintiffs' abysmal response to the City's argument, the Court cannot overlook that *Mosley* evaluates an Equal Protection claim based on government

14

regulation of some, but not other speech. 408 U.S. at 94-96. Therefore, at this juncture, the Court finds that Plaintiff has stated a claim.

**C.    DUE PROCESS CLAIM**

Next, the City moves to dismiss Plaintiffs' claim that the ordinance is void for vagueness. A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required. *F.C.C. v. Fox Television Stations, Inc.,* --- U.S. ---, ---, 132 S. Ct. 2307, 2317 (2012). "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." See *Connally v. General Constr. Co.,* 269 U.S. 385, 391 (1926). "That a statute's language may pose difficult questions of exactly what kinds of conduct is proscribed is not sufficient to sustain a vagueness challenge unless the plaintiffs provide a specific articulation of the degree to which they seek to engage in the conduct at issue." *Thayer*, 755 F.3d at 76 (citing *Humanitarian Law Project,* 561 U.S. at 24-25).

Plaintiffs allege that Ordinance 4627 does not provide adequate notice because it could apply to passive panhandling. The Court agrees that a plain reading of the statute shows, for instance, that it may apply to a person who passively sits with a sign and "knowingly . . . stops another person in a public place and solicit[s] that person . . . . by written signs . . . for money." Grand Junction, Colo., Municipal Code § 9.05.020 (2015). And, in the complaint, Plaintiff Sanchez alleges that she sometimes sits on sidewalks close to ATMs and flies a sign stating, "Need gas for work. God Bless." (Doc.

# 1 at 9.) Likewise, Plaintiff Browne alleges that she often sits near bus stops and silently solicits donations by setting a sign next to her that says, "Please Help Me." (*Id.* at 8.) Based on these allegations, Plaintiffs have stated a claim that Ordinance 4627 is vague.

**D.      RIGHT TO RECEIVE INFORMATION CLAIMS**

Finally, the City moves to dismiss Plaintiff Niederkreuger's claims that his First Amendment right to receive information under the United States and Colorado Constitutions is violated by the ordinance. As the City points out, under Ordinance 4627, Plaintiff Niederkreuger must simply consent in order to receive the information that the ordinance may otherwise prohibit. *See* Grand Junction, Colo., Municipal Code § 9.05.020 (2015) (prohibiting solicitation "without a person's consent"). Plaintiffs appear to concede this by failing to respond to this argument in their response. Accordingly, the Court dismisses these claims. Because Plaintiff Niederkreuger asserts these claims only, the Court likewise dismisses him from this action.

## IV.      CONCLUSION

Based on the foregoing, it is ORDERED that the City's Motion to Dismiss for Failure to State a Claim of Plaintiffs' and Intervenors' Complaints Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. # 46) is GRANTED IN PART AND DENIED IN PART. Specifically, the City's motion is GRANTED insofar as it argues that Plaintiff Niederkreuger fails to state a claim. Plaintiff Niederkreuger is, therefore, DISMISSED from this action and the caption will be so amended.

The City's motion is DENIED insofar as it argues that Plaintiffs have failed to state First Amendment, Equal Protection, and Due Process claims.

DATED: June 8, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge